Christian L. Moore, Esq. (SBN 3777)
LAXALT LAW GROUP, LTD.
9790 Gateway Drive, Suite 200
Reno, Nevada 89521
(775) 322-1170
cmoore@laxaltlaw.com
*Attorneys for Plaintiff*
*Foremost Insurance Company,*
*Grand Rapids, Michigan*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW DINOFIA; RHODA TO RECOVERY, LLC d/b/a JOURNEY TO RECOVERY; MICHELLI KALTSAS; CHARLESTON RESIDENTIAL SERVICES, LLC d/b/a CROSSROADS OF SOUTHERN NEVADA; CARLENA BROWN, as Statutory Heir and as Co-Administrator to the ESTATE of GEORGE MITCHELL, JR.; GEORGE MITCHELL, as Statutory Heir and as Co-Administrator to the ESTATE of GEORGE MITCHELL, JR., and DOES 1 -10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN (hereinafter referred to as "Foremost"), by and through its attorneys LAXALT LAW GROUP, LTD., for its Complaint against the above captioned Defendants, alleges, on knowledge of its own actions, and otherwise upon information and belief, as follows:

/ / /

/ / /

/ / /

## INTRODUCTION

1. Plaintiff Foremost files this Complaint seeking declaratory relief under 28 U.S.C. § 2201, et. seq., to determine the rights and obligations of the parties under an insurance policy number 381-5001311223-04 (hereinafter "insurance policy") issued to Defendant MATTHEW DINOFIA (hereinafter referred to as "Dinofia").

2. Foremost seeks a judicial declaration that it has no duty to defend or indemnify Dinofia or any named defendant under the insurance policy in connection with claims asserted in a lawsuit filed in the District Court of Nevada, Clark County, styled *Carlena Brown, as Statutory Heir and as Co-Administrator to the Estate of George Mitchell, Jr.; George Mitchell, as Statutory Heir, and as Co-Administrator to Estate of George Mitchell, Jr., Plaintiffs, vs. Rhoda to Recovery, LLC d/b/a Journey to Recovery; Michelli Kaltsas, an individual; Charleston Residential Services, LLC d/b/a Crossroads of Southern Nevada; Matthew Dinofia, an individual; DOE Individuals 1-10; DOE Employees 11-20; and ROE Corporations 21-30*, case number A-24-898428-C, Dept. 10 (hereinafter "the Lawsuit"), or alternatively, to determine the extent of coverage, if any.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Foremost as an out of state Plaintiff, and the Defendant parties who are domiciled in either Nevada or California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in the United States District Court, District of Nevada, Southern Division, pursuant to 28 U.S.C. § 1391(b) because the underlying incident giving rise to the dispute occurred within this district, and one or more Defendants reside or conduct business within this district.

//
//
//

## PARTIES

5. Plaintiff Foremost is an insurance company duly organized under the laws of the State of Michigan, with its principal place of business in Grand Rapids, Michigan.

6. Defendant Dinofia is an individual who resides in La Jolla, California, and was issued the insurance policy by Foremost.

7. Defendant RHODA TO RECOVERY, LLC d/b/a JOURNEY TO RECOVERY (hereinafter referred to as "Rhoda") is a Nevada Limited Liability Company, with its principal place of business in Nevada.

8. Defendant MICHELLI KALTSAS (hereinafter referred to as "Kaltsas") is a Manager and Resident Agent for Rhoda who, based on information and belief, resides in Las Vegas, Nevada.

9. Defendant CHARLESTON RESIDENTIAL SERVICES, LLC d/b/a CROSSROADS OF SOUTHERN NEVADA (hereinafter referred to as "Crossroads") is a Nevada Limited Liability Company, with its principal place of business in Nevada.

10. CARLENA BROWN, as Statutory Heir and as Co-Administrator to the ESTATE of GEORGE MITCHELL, JR. (hereinafter referred to as "Brown") is an individual who, based on information and belief, resides in Nevada.

11. GEORGE MITCHELL, as Statutory Heir and as Co-Administrator to the ESTATE of GEORGE MITCHELL, JR. (hereinafter referred to as "Mitchell") is an individual who, based on information and belief, resides in Nevada.

12. Defendants DOES 1-10 are named only as a precautionary measure in the event another interested party is identified for this matter.

13. Each of the identified parties has an interest in the outcome of the declaration relief sought by Foremost in this action.

## FACTUAL BACKGROUND

14. Foremost issued to Dinofia a renewed insurance policy, more specifically identified as a "Dwelling Fire Three Policy Landlord" policy number 381-5001311223-04 with a policy

period beginning November 9, 2021 ending November 9, 2022, providing certain coverage subject to the insurance policy terms, conditions, and exclusions related to premises described as 809 W Adams Ave., Las Vegas, NV.

15. Defendant Dinofia has submitted a claim under the insurance policy for defense and indemnification in connection with the Lawsuit identified in paragraph 2 of this Complaint.

16. The Lawsuit arises from allegations by Brown and Mitchell who are the named plaintiffs in the lawsuit asserting that on August 1, 2022, George Mitchell, Jr. ("the Decedent") was residing at 809 W. Adams Avenue, Las Vegas, Nevada, and, after a referral was made by Crossroads, was under the care of Rhoda when he died of a drug overdose. Decedent was reportedly found with empty prescription pill bottles belonging to another resident of 809 W Adams. Dinofia reportedly owned the 809 W. Adams property and rented the property to Rhoda and Kaltsas.

17. The Lawsuit further alleges that Dinofia breached his duty to use reasonable care to keep his property in a reasonably safe condition by renting the property to Rhoda and Kaltsas when Dinofia allegedly "knew or should have known" that these defendants "did not have a license to operate a 'sober living house' and/or a home for persons that have abused drugs and alcohol."

18. The Lawsuit further alleges that as a "direct and proximate result" of the above-described breach of duty by Dinofia, Decedent accessed prescription drugs, overdosed, and died.

19. The Lawsuit asserts the wrongful death of Decedent, and claims damages of severe emotional distress, loss of society, companionship and comfort, grief, sorrow, mental pain and suffering, psychiatric impairment and loss of enjoyment of life allegedly resulting in in general damages, special damages, and punitive damages.

20. The Lawsuit presents six claimed legal causes of action alleging (1) as a first cause of action, negligence against Charleston; (2) as a second cause of action negligence against Rhoda and Kaltsas; (3) as a third cause of action negligence against Dinofia; (4) as a fourth cause of action wrongful death against Rhoda, Kaltsas, Crossroads, and Dinofia;

LAXALT LAW GROUP. LTD.
ATTORNEYS AT LAW
9790 GATEWAY DRIVE, SUITE 200
RENO, NV 89521
(775) 322-1170

4

(5) as a fifth cause of action "survival" against Rhoda, Kaltsas, Crossroads, and Dinofia; and (6) as a sixth cause of action against negligent hiring, supervision, training and polices/procedures against Rhoda, Kaltsas, Crossroads, and Dinofia.

21. Foremost is providing a defense to Dinofia under a full reservation of rights subject to the insurance policy provisions that include specific exclusions and conditions that limit and preclude coverage for the claims asserted in the underlying lawsuit including, but not limited to, exclusions for claims arising from illegal drug use or business pursuits or providing professional services or arising from liability assumed under contract. Coverage for punitive damages is also specifically excluded.

## FIRST CAUSE OF ACTION

22. Foremost repeats and realleges paragraphs 1 through 21 hereof, as if fully set forth herein.

23. An actual and justiciable controversy exists between Foremost and Defendants regarding the interpretation and application of the insurance policy.

24. Foremost contends that, based on the terms, conditions, and exclusions of the insurance policy, Foremost has no duty to defend or indemnify Dinofia, Rhoda, Kaltsas, or Crossroads.

25. Foremost further contends that, based on the terms, conditions, and exclusions of the insurance policy, Foremost is entitled to reimbursement from Dinofia for money spent defending Dinofia in the Lawsuit by paying costs and attorneys' fees.

26. Defendants dispute Foremost's position and assert that coverage exists for claims asserted in the Lawsuit.

27. Pursuant to 28 U.S.C. § 2201, Foremost requests that this Court enter a declaratory judgment defining the parties' respective rights and obligations under the Policy.

//
//
//
//

PRAYER FOR RELIEF

WHEREFORE, Foremost respectfully requests that this Court enter judgment as follows:

1. Declare that Foremost has no duty to defend or indemnify Dinofia, Rhoda, Kaltsas, or Crossroads under the insurance policy in connection with above discussed Lawsuit, as well as order that Foremost be reimbursed by Dinofia for costs and attorneys' fees paid by Foremost to defend Dinofia in the Lawsuit; or alternatively,

2. Determine the extent of any coverage owed under the insurance policy;

3. Award Foremost its costs and attorneys' fees as allowed by law; and

4. Grant such further relief as the Court deems just and proper.

DATED this 20th day of February, 2025.

*/s/ Christian L. Moore, Esq.*
Christian L. Moore, Esq., SBN #3777
LAXALT LAW GROUP, LTD.
9790 Gateway Drive, Suite 200
Reno, NV, 89521
(775) 322-1170
*Attorneys for Plaintiff*
*Foremost Insurance Company*
*Grand Rapids, Michigan*