EVAN P. THALGOTT, ESQ
Nevada Bar No. 15658
**THALGOTT LAW, PLLC**
9205 West Russell Road, Suite 240
Las Vegas, Nevada 89148
Telephone: (725) 274-4624
Email: thalgott@thalgottlaw.com
*Attorney for Defendant and Counterclaimant Matthew Dinofia*

**THALGOTT LAW, PLLC**
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW DINOFIA; RHODA TO RECOVERY, LLC d/b/a JOURNEY TO RECOVERY; MICHELLI KALTSAS; CHARLESTON RESIDENTIAL SERVICES, LLC d/b/a CROSSROADS OF SOUTHERN NEVADA; CARLENA BROWN, as Statutory Heir and as Co-Administrator to the ESTATE of GEORGE MITCHELL, JR.; GEORGE MITCHELL, as Statutory Heir and as Co-Administrator to the ESTATE of GEORGE MITCHELL, JR., and DOES 1 -10,<br><br>Defendants. | Case No.: 2:25-cv-00334-CDS-MDC<br><br>**DEFENDANT MATTHEW DINOFIA'S CONSOLIDATED OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND COUNTERMOTION FOR SUMMARY JUDGMENT** |
| MATTHEW DINOFIA;<br><br>Counterclaimant,<br>v.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, and DOES 1 -10,<br><br>Counter-Defendants. | |

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

Defendant MATTHEW DINOFIA (hereinafter referred to as "Defendant" or "Dinofia"), by and through his counsel of record, the law office of THALGOTT LAW, PLLC, hereby submits this Opposition to FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN'S (hereinafter referred to as "Plaintiff" or "Foremost") Motion for Summary Judgment ("Motion"), and Countermotion for Summary Judgment under FCRP 56 ("Countermotion").

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Foremost's Motion is built on a premise that does not exist in the record: that the underlying wrongful-death complaint expressly alleges a business was being operated at Mr. DiNofia's rental home located at 809 W. Adams Avenue in Las Vegas (the "Property"), thereby triggering the policy's business-pursuits exclusion. *See* Foremost Motion at Page 3:12-14. The only sentence Foremost relies on is an isolated, conclusory statement in the underlying complaint that the Property was "rented to Journey to Recovery." (**Ex. A**, Complaint - FIC 001-17, at ¶ 20). Yet Foremost was provided with the actual lease, and the lease eliminates any such inference: the Property was rented exclusively to an individual tenant, Michelli Kaltsas, under a standard residential agreement containing an express no-business-use clause. (**Ex. B**, Residential Lease Agreement FIC 0018-25).

Further, the complaint itself expressly alleges that Journey to Recovery is located at a completely different address—2039 E. Lake Mead Boulevard, North Las Vegas—confirming that the entity was not operating out of the Property. (**Ex. A**, at ¶ 16). Once the lone, conclusory statement that the Property was "rented to Journey to Recovery" is removed in light of the undisputed lease, nothing in the complaint explicitly alleges that any business was being operated at the Property, therefore, the business exclusion cannot be triggered. The complaint does not explicitly allege that the Property was being used as a business, that the decedent resided at the Property as part of a treatment program, that he was assigned to the Property through any rehabilitation entity, that he was receiving services at the Property, or that his injury arose out of any business activity. (**Ex. A**). Instead, the complaint simply alleges that the decedent was injured when residing at the property. *Id.*

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

Nevada's duty-to-defend standard is well settled: if the complaint alleges facts creating *any* arguable potential for coverage, the insurer must defend. *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 120 Nev. 678, 686, 99 P.3d 1153, 1158 (2004). The duty is triggered by the four corners of the complaint, not by speculation or by an insurer's attempts to rewrite or insert allegations that simply do not exist. When the complaint pleads only ordinary premises negligence—as this one does—the duty to defend is triggered, and an insurer cannot import business operations where the complaint contains no such allegation.

Even assuming the underlying complaint had explicitly alleged an injury arising from a business use at the property (it does not), Foremost is independently barred from asserting any exclusion because it undertook and controlled Mr. DiNofia's defense without a valid reservation of rights. On November 26, 2024, Foremost issued a written acceptance stating that its appointed defense counsel "will defend this action without cost to you according to your policy's provisions." (**Ex. D**, Acceptance Letter – MD00040-41). This was an unconditional acceptance of coverage. Foremost now contends that it simultaneously issued a reservation of rights—but the evidence shows otherwise. The alleged reservation letter: was never received by Mr. DiNofia; was never provided to the defense attorney Foremost itself appointed (despite the requirement under NRCP 16.1(a)(1)(A)(5) that this be disclosed in the underlying case); bears a different claim number than the unconditional acceptance letter; contains a "certified mail" notation but is unsupported by any signed return receipt; and is contradicted by a mailing receipt dated ten days after the date on the letter. (**Ex. E**, Purported ROR Letter – FIC 0026-35; **Ex. 7**, USPS Certificate – FIC 00446-447).

Furthermore, Foremost's own conduct confirms that no reservation was ever communicated. Neither the insured nor defense counsel had any knowledge of a reservation of rights until Foremost filed this federal declaratory-relief action—months after undertaking and controlling the defense. (**Ex. I**, DiNofia Decl. at ¶¶ 12-20). Under Nevada law and persuasive authority nationwide, an insurer who assumes the defense without an effective reservation waives undisclosed coverage defenses and is estopped from asserting exclusions. See *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559–60 (9th Cir. 1991); *Truck Ins. Exch. v. VanPort Homes*, 147 Wn.2d 751, 764–66, 58 P.3d 276, 282–83 (2002); *Scottsdale Ins. Co. v. Avol*,

1992 U.S. App. LEXIS 17741, at *13–15*. At a minimum, the factual dispute regarding whether a reservation was ever received by Dinofia precludes summary judgment under FRCP 56.

The prejudice to Mr. DiNofia is not speculative—it is substantial and concrete. Had he been informed that Foremost was defending under a reservation of rights, he would have immediately taken steps to protect himself from the financial exposure Foremost now seeks to impose retroactively. (**Ex. I**, DiNofia Decl. at ¶¶ 20-24). With knowledge that he might ultimately be responsible for defense costs or an uncovered judgment, Mr. DiNofia could have instructed counsel to pursue an early settlement strategy, sought an assessment of projected litigation expenses, or made an informed, cost-benefit decision about tendering an early offer of judgment. (*Id.*). *See Intel*, 952 F.2d at 1559–60 [insured entitled to make strategic decisions when coverage is uncertain]). He also could have exercised his right to select independent counsel, as contemplated by Nevada law when conflicts arise, or taken a more active role in shaping litigation strategy, discovery posture, and settlement negotiations at the outset. (*Id.*). By concealing any reservation, Foremost deprived him of the ability to make informed decisions, evaluate personal exposure, control the trajectory of the litigation, or mitigate risk. Nevada law presumes prejudice under these circumstances, and the facts here demonstrate it.

Based on the foregoing, and the analysis below, Foremost's Motion fails for two independent and dispositive reasons. First, Foremost cannot eliminate the potential for coverage because the underlying complaint simply does not explicitly allege business activity at the Property—a prerequisite to invoking the business-pursuits exclusion. Second, Foremost forfeited any ability to rely on exclusions by assuming and controlling the defense without a timely, clear, or effective reservation of rights.

At the same time, the undisputed facts establishing waiver, estoppel, and the absence of any explicit business-operations allegation entitle Mr. DiNofia to summary judgment on his Countermotion. The complaint alleges only premises negligence. The lease confirms no business use. Foremost provided an unconditional defense. The supposed reservation was never delivered and was never disclosed to counsel. And Foremost's own records—including mismatched claim numbers and contradictory mailing evidence—demonstrate that no effective reservation was ever

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

issued.

Accordingly, the Court should deny Foremost's Motion for Summary Judgment, grant Mr. DiNofia's Countermotion, declare that Foremost owes a continuing duty to defend, and determine that Foremost is barred from asserting exclusions or denying coverage.

## II. STATEMENT OF MATERIAL FACTS

1. The underlying action—*Brown, et al. v. Journey to Recovery, LLC, et al.*, Case No. A-24-898428-C—is a wrongful death lawsuit filed in the Eighth Judicial District Court of Clark County, Nevada. DiNofia is named as a defendant based solely on his ownership of the residential property located at 809 W. Adams Avenue, Las Vegas, Nevada (the "Property"). (**Ex. A**, Complaint - FIC 001-17).

2. The underlying Complaint alleges that the decedent, George Mitchell, Jr., was residing at the Property at the time of his injury. (*Id*. at ¶ 20.)

3. The Complaint affirmatively alleges that Journey to Recovery is located at a different address than the Property: 2039 E. Lake Mead Boulevard, North Las Vegas, Nevada 89030. (*Id.* at ¶ 16.) The Complaint contains no allegation that Journey to Recovery operated out of, provided services at, or conducted activities at the Property.

4. The sole sentence in the Complaint referencing Journey to Recovery's relationship to the Property states that the Property was "rented to Journey to Recovery." (*Id*. at ¶ 20.) This statement is contradicted by the actual written lease Foremost received from DiNofia. (**Ex. B**, Residential Lease Agreement – FIC 0018-25).

5. The written lease for the Property identifies Michelli Kaltsas, an individual tenant, as the sole lessee. (*Id*. at FIC0018, 25). The lease does not identify Journey to Recovery as a tenant, subtenant, or occupant. (*Id*.)

6. The lease contains a no-business-use clause, prohibiting the tenant from conducting or allowing any business operations at the Property. (*Id*. at FIC 0019 ¶ 5).

7. At all times relevant, the Property was used as a single-family residential rental, consistent with the lease terms and the "residential rental" classification on the Foremost policy declarations page. (*Id*. *see also,* **Ex. C**, Insurance Policy - FIC 0036-100.)

8. On November 26, 2024, Foremost sent a written acceptance letter stating that its appointed defense counsel "will defend this action without cost to you according to your policy's provisions." (**Ex. D**, Acceptance Letter MD00040-41).

9. On the same date, Foremost claims to have generated a separate "reservation of rights" letter addressed to DiNofia. (**Ex. E**, Purported ROR Letter – FIC 0026-35). However, the letter bears a different claim number than the acceptance letter. (Compare **Ex. D** with **Ex. E**.)

10. Foremost alleges that the ROR letter was sent the same day as the Acceptance Letter, via "certified mail, return receipt requested," but Foremost has produced no signed return receipt, and no USPS delivery confirmation identifying the item as the ROR letter. (**Ex. F,** Responses to Request for Production of Documents, at No. 6; **Ex. G**, USPS Certificate – FIC 00446-447; **Ex. H**, Wendland Decl. at ¶ 3.)

11. The only mailing receipt produced by Foremost is dated December 6, 2024, ten days after Foremost claims the Letter was delivered, and the date printed on the ROR letter, and the receipt contains no reference to the ROR letter itself. (**Ex. G**, USPS Certificate – FIC 00446-447).

12. After receiving the November 26, 2024, Acceptance Letter from Foremost claims handler Joanna Garza, Mr. DiNofia continued to communicate with Ms. Garza exclusively by phone and email, which had been the consistent method of communication used throughout the claim. (**Ex. I**, DiNofia Decl. at ¶ 11). During these communications, Ms. Garza continued to assure Mr. DiNofia that Foremost was providing a defense "without cost" and did not indicate that Foremost had issued, or was issuing, any reservation of rights. (*Id.*)

13. Despite Foremost's use of email for all other claim communications—including the transmission of the Acceptance Letter—the alleged reservation-of-rights letter was not sent by email, but instead is claimed to have been mailed to Mr. DiNofia alone. (**Ex. E.**)

14. There is no evidence that Foremost sent any reservation-of-rights letter by email, nor that it communicated any reservation to Mr. DiNofia in the telephone or email communications that occurred after the Acceptance Letter and before Foremost filed this declaratory-judgment action.

**THALGOTT LAW, PLLC**
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

15. DiNofia has affirmatively stated that he never received any reservation-of-rights letter from Foremost. (**Ex. I**, DiNofia Decl. at ¶ 12)

16. Foremost never provided its appointed defense counsel, Steve Jaffe, Esq., in the underlying action with the alleged reservation-of-rights letter. (*See* **Ex. I**, **Ex. F** Response to Production at No. 7; **Ex. J**, All Communications between Foremost and Counsel – FIC 00480-482). The letter itself is addressed only to Mr. DiNofia and contains no indication it was copied or transmitted to counsel. (**Ex. E.**)

17. Dinofia's NRCP 16.1 Initial Disclosures in the underlying state case, submitted by Jaffe, contained no reservation-of-rights letter, despite the rule requiring disclosure of insurance-related documents affecting coverage. (**Ex. I**, DiNofia Decl. at ¶ 17). The ROR letter first appears in a supplemental disclosure dated after November 20, 2025, confirming that appointed counsel did not have it earlier. (**Ex. I**, DiNofia Decl. at ¶ 17). Additionally, in response to Mr. DiNofia's discovery requests in this action, Foremost produced no communications showing that the ROR letter was ever sent to, received by, or discussed with appointed defense counsel. (**Ex. F** Response to Production at No. 7; **Ex J**, All Communications between Foremost and Counsel – FIC 00480-482).

18. Mr. DiNofia further attests that appointed counsel never informed him that Foremost was defending under a reservation of rights at any time before the filing of this federal action. (**Ex. I,** DiNofia Decl. at ¶ 15). Taken together, the undisputed documentary record establishes that Foremost did not transmit its alleged reservation-of-rights letter to the very counsel it selected to defend Mr. DiNofia.

19. From November 26, 2024, until the filing of this declaratory action, Foremost exercised control over DiNofia's defense, selected and instructed defense counsel, determined litigation strategy, and communicated solely through its appointed counsel, all without informing DiNofia that coverage was contested. (**Ex. I**, DiNofia Decl.).

20. DiNofia first learned that Foremost claimed to be defending under a reservation of rights when he was served with the federal Complaint in this action. (**Ex. I**, at ¶ 12)

**THALGOTT LAW, PLLC**
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

21. Foremost's policy contains a landlord liability section providing coverage for occurrences involving residential rental properties. (**Ex. C**, Policy.)

22. The Foremost policy contains a business exclusion. (**Ex. C**.) The policy does not define "business" to include residential leasing, and expressly excludes "residential rental" and "residential purposes" from its definition of business activity. (**Ex. C**, FIC 0057.)

23. At no time did the underlying Complaint allege that DiNofia engaged in or permitted any commercial or business activity at the Property, and the written lease prohibits such activity. (**Ex. A**; **Ex. B**.)

24. The only factual allegations asserted against DiNofia in the underlying action arise from his ownership of residential rental property—not from any business use. (**Ex. A**.)

## III. STANDARD OF REVIEW

Summary judgment is appropriate only where, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must present specific facts showing that a genuine issue exists for trial; mere allegations or denials are insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only factual disputes that may affect the outcome under governing substantive law will preclude summary judgment; irrelevant disputes do not. *Anderson*, 477 U.S. at 248. However, where evidence permits more than one reasonable inference, or where credibility determinations are required, summary judgment must be denied. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (reversing summary judgment where the district court failed to credit nonmovant's evidence and drew inferences in favor of the movant). Courts must not weigh evidence or make credibility findings on summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Where the record reveals competing facts or reasonable inferences favoring the nonmovant, summary judgment is inappropriate. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

158–59 (1970) (summary judgment improper where "the moving party's papers… do not foreclose the possibility" of a factual dispute). This principle applies with particular force in insurance coverage cases, where disputes concerning the existence, timing, or effectiveness of a reservation of rights create quintessential factual issues precluding summary judgment. See *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559–60 (9th Cir. 1991) (whether insurer communicated a reservation of rights is a question of fact). Summary judgment must also be denied where the movant's version of events is "blatantly contradicted by the record." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Here, the record reveals multiple material disputes—including whether Foremost ever issued, mailed, or communicated its alleged reservation of rights; whether defense counsel ever received it; whether it was disclosed as required under NRCP 16.1; whether the underlying Complaint alleges business activity; and whether the policy's exclusion applies. These disputes, supported by documentary evidence, mandated disclosures, and sworn testimony, preclude summary judgment under FRCP 56.

## IV. <u>LEGAL ARGUMENT IN OPPOSITION TO FOREMOST'S MOTION FOR SUMMARY JUDGMENT</u>

Foremost's Motion collapses under the weight of the governing Nevada duty-to-defend standard, the plain contents of the underlying complaint, and the undisputed record showing that Foremost undertook and controlled the defense without issuing any timely or effective reservation of rights. Even if Foremost could satisfy the policy's business-pursuits exclusion (it cannot), its own conduct independently bars it from asserting any coverage defense. Summary judgment for Foremost is therefore improper.

### A. Nevada's Broad Duty-to-Defend Standard Requires Acceptance of the Complaint "as Written"—and the Complaint Does Not Allege Business Activity of Any Kind

Nevada law imposes a broad duty to defend, triggered whenever the allegations of the complaint create *any* potential for coverage. In *United Nat'l Ins. Co. v. Frontier Ins. Co.*, the Nevada Supreme Court reaffirmed that an insurer must defend whenever "arguable or possible

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

coverage" exists and must resolve "any doubt" in favor of the insured. That rule has been repeatedly emphasized in Nevada decisions—including *Benchmark Ins. Co. v. Sparks* (exclusions construed narrowly), *Allstate Ins. Co. v. Miller* (focus is on the complaint), *Century Surety Co. v. Andrew* (duty is triggered by allegations alone), and federal cases applying Nevada law such as *Yatsko v. Graziolli* and *Safeco Ins. Co. of Am. v. Salley*.

Applying these principles here, the underlying complaint does not explicitly allege that any business was operated at the Property, does not allege that the decedent was residing there as part of any commercial program, and does not allege that his injuries or death arose out of business activity. The complaint affirmatively identifies Journey to Recovery at an entirely separate address in North Las Vegas. (**Ex. A**, Complaint - FIC 001-17, at ¶ 16). The single statement that the Property was "rented to Journey to Recovery" is contradicted by the written lease Foremost received, which identifies only a residential tenant and contains a no-business clause. (*Id*. at ¶ 46; **Ex. B**, Residential Lease Agreement FIC 0018-25). Under Nevada's duty-to-defend framework, the Court must accept the complaint *as written*, not as Foremost wishes it had been drafted. Once the conclusory "rented to Journey to Recovery" allegation is removed by the undisputed lease, nothing in the complaint expressly alleges any business operation at the Property**.**

This case fits squarely within the rule articulated in *Zurich American Insurance Co. v. Ironshore Specialty Insurance Co.*, 137 Nev. 651, 651, 497 P.3d 625, 626 (2021), where the Nevada Supreme Court held that an insured may rely on extrinsic evidence to *establish* a duty to defend, including evidence demonstrating that an exclusion does not apply. Thus, Mr. DiNofia was entitled to present the written residential lease—an undisputed document Foremost received at the outset—to show that the Property was rented solely to an individual and not to a business entity, and that business use was expressly prohibited. Once this extrinsic evidence removes the only allegation arguably implicating business activity, the complaint contains no other statement that could trigger the exclusion.

In contrast, Nevada law is equally clear that an insurer may *not* rely on extrinsic facts, speculation, or imagined allegations to *defeat* the duty to defend. See *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 120 Nev. 678, 686, 99 P.3d 1158, 1164 (2004) (insurer must resolve doubts in

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

favor of insured); *Benchmark Ins. Co. v. Sparks*, 127 Nev. 407, 411–12, 254 P.3d 617, 620–21 (2011) (exclusions strictly construed); *Safeco Ins. Co. of Am. v. Salley*, 2021 U.S. Dist. LEXIS 244906, at *9–10 (D. Nev. Dec. 23, 2021)* (insurers may not use extrinsic evidence to avoid defense); *Yatsko v. Graziolli*, 2019 U.S. Dist. LEXIS 100768, at *8–10 (D. Nev. June 14, 2019)* (same). Nevada's four-corners framework therefore works in one direction only: while the insured may introduce extrinsic evidence to demonstrate potential coverage or the inapplicability of an exclusion, the insurer may not introduce extrinsic evidence, conjecture, or assumptions to manufacture business activity that the complaint does not allege. Accordingly, with the lease confirming that the complaint's lone reference to a business rental is factually incorrect, Foremost cannot rewrite the complaint to supply unpled business operations at the Property.

Foremost therefore fails to meet the "heavy burden" Nevada places on an insurer attempting to eliminate all potential for coverage. The complaint alleges only residential premises-liability claims—exactly the type of allegations Nevada courts hold require a defense. Under *Frontier*, *Sparks*, *Miller*, and *Andrew*, this ends the inquiry: Foremost owes a defense as a matter of law.

**B. Foremost Cannot Meet Its Burden to Apply the Business-Pursuits Exclusion**

Nevada law places a "heavy burden" on an insurer seeking to avoid its duty to defend through an exclusion. As the Nevada Supreme Court has long held, the insurer bears the burden of proving that an exclusion applies, and exclusions "must be construed narrowly and strictly against the insurer." *Benchmark Ins. Co. v. Sparks*, 127 Nev. 407, 411–12, 254 P.3d 617, 620–21 (2011); *Violin v. Fireman's Fund Ins. Co.*, 81 Nev. 456, 459–60, 406 P.2d 287, 289 (1965). Federal courts applying Nevada law follow the same approach, emphasizing that exclusions must be read narrowly, and any uncertainty regarding their reach must be resolved in favor of coverage. See *Yatsko v. Graziolli*, 2019 U.S. Dist. LEXIS 100768, at *8–10 (D. Nev. June 14, 2019)*; *Safeco Ins. Co. of Am. v. Salley*, 2021 U.S. Dist. LEXIS 244906, at *9–10 (D. Nev. Dec. 23, 2021)*.

Foremost cannot satisfy this burden. The complaint does not allege that a business was being conducted at the Property; does not allege that the decedent was placed there by a business; does not allege that his residence there was part of a commercial program; and does not assert that

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

his injuries arose from any business activity whatsoever. (**Ex. A**, Complaint - FIC 001-17). Instead, the complaint alleges that Journey to Recovery is located at an entirely different address in North Las Vegas. (*Id*. at ¶ 16). The only sentence Foremost relies on—that the Property was "rented to Journey to Recovery"—is flatly disproven by the written residential lease Foremost received at the outset, which identifies only an individual tenant and includes a strict prohibition on business use. (*Id*. at ¶ 46; **Ex. B**, Residential Lease Agreement FIC 0018-25).

Nothing in Nevada law permits an insurer to rewrite the complaint or infer business operations where none are expressly alleged. Nevada's four-corners rule binds the insurer to the complaint "as written." See *Frontier Ins. Co.*, 120 Nev. at 686, 99 P.3d at 1164. Federal courts applying Nevada law have stressed that insurers cannot stretch exclusions beyond what the complaint actually alleges. *Salley*, 2021 U.S. Dist. LEXIS 244906, at *9–10; Safeco Ins. Co. of Am. v. Skar*, 2011 U.S. Dist. LEXIS 82548, at *8–10 (D. Nev. July 27, 2011)*. Once the lease eliminates the only allegation that arguably touched on business use, Foremost is left with a complaint alleging nothing more than ordinary residential premises liability—exactly the type of scenario Nevada courts routinely find sufficient to trigger a defense.

Because Foremost has not demonstrated that the exclusion "clearly and unambiguously" applies, it cannot avoid its duty to defend. *Sparks*, 127 Nev. at 411–12, 254 P.3d at 620–21.

### C. Foremost Waived or Is Estopped from Asserting Coverage Defenses Because It Undertook and Controlled the Defense Without Effectively Reserving Rights, and Its Conduct Caused Actual Prejudice

Even if Foremost could satisfy the business-pursuits exclusion—which it cannot—Foremost is independently barred from asserting any coverage defense because it undertook and controlled Mr. DiNofia's defense for nearly a year without issuing or communicating a valid reservation of rights. This conduct satisfies Nevada's four-part equitable estoppel doctrine, constitutes waiver under binding Ninth Circuit precedent, and resulted in actual and presumed prejudice to the insured.

Nevada's equitable estoppel doctrine provides a complete bar to Foremost's attempt to retroactively deny coverage. The Nevada Supreme Court's four-part test requires showing that the

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

insurer knew the true facts, intended its conduct to be relied upon (or acted such that reliance was reasonable), that the insured was ignorant of the true facts, and that he relied on the insurer's conduct to his detriment. *Topaz Mut. Co. v. Marsh*, 108 Nev. 845, 848, 839 P.2d 606, 611 (1992); *In re Harrison Living Trust*, 121 Nev. 217, 223, 112 P.3d 1058, 1062 (2005). Courts in this District have applied the same framework in duty-to-defend disputes. *Nat'l Fire & Marine Ins. Co. v. Holper*, No. 2:18-cv-1338-JCM-BNW, 2019 U.S. Dist. LEXIS 174251, at *14 (D. Nev. Oct. 8, 2019)*.

All four elements are overwhelmingly satisfied here. First, Foremost indisputably knew the true facts about its own coverage position. It issued a written Acceptance Letter on November 26, 2024, affirming that counsel would defend the claim "without cost" to Mr. DiNofia. (**Ex. D**, Acceptance Letter – MD00040-41). Its adjuster continued—by both phone and email—to assure Mr. DiNofia that Foremost was providing full defense coverage. (**Ex. I**, DiNofia Decl. at ¶ 11). The supposed reservation-of-rights letter, however, was never emailed to him, never transmitted to Foremost's own appointed defense counsel, never identified in his mandatory NRCP 16.1 disclosures in the underying case, and did not surface until a supplemental disclosure nearly a year later. Foremost alone controlled whether the insured and defense counsel would be informed of any reservation; Foremost chose silence.

By issuing a written acceptance of coverage and repeatedly reassuring the insured that the defense was fully covered, Foremost acted in a manner that any reasonable insured would interpret as an unequivocal acceptance of the defense obligation. As the District of Nevada observed in *Holper*, intent is satisfied where an insurer's conduct reasonably induces the insured to believe that coverage is not being disputed. 2019 U.S. Dist. LEXIS 174251, at *14. Foremost's silence while maintaining full control of the defense created precisely that belief.

At the same time, Mr. DiNofia was entirely unaware of the "true facts" Foremost now asserts—that it was secretly attempting to defend under a reservation. His declaration establishes that he never received any reservation of rights prior to being served with this federal declaratory-relief action. (**Ex. I**, DiNofia Decl. at ¶ 12). Foremost produced no definitive evidence that it ever provided him the letter, and the alleged letter lacks any signed return receipt by Dinofia or proof

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

of delivery. Further, defense counsel in the underlying case could not disclose a reservation they themselves never received. This satisfies the third element of equitable estoppel. *Topaz*, 108 Nev. at 848, 839 P.2d at 611.

Most importantly, Mr. DiNofia relied on Foremost's conduct to his detriment. The Ninth Circuit has expressly held that an insured is prejudiced when an insurer fails to communicate a reservation of rights because the insured loses the ability to make informed decisions about litigation strategy, settlement, and independent counsel. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559–60 (9th Cir. 1991). That is exactly what happened here. Relying on Foremost's assurances of full defense coverage, Mr. DiNofia did not evaluate early settlement options, did not request litigation budget projections, did not consider a Rule 68 offer, did not seek separate representation under *State Farm Mut. Auto. Ins. Co. v. Hansen*, 131 Nev. 743, 751–52, 357 P.3d 338, 343–44 (2015), and did not take the defensive measures he would have undertaken had he known his personal assets were at risk. These strategic decisions cannot be unwound, and they constitute actual prejudice under *Intel*.

Even if actual prejudice were not established—and it is—prejudice is legally presumed. In *Truck Ins. Exch. v. VanPort Homes, Inc.*, the Washington Supreme Court held that a late or defective reservation-of-rights letter gives rise to presumed prejudice and estops the insurer from asserting coverage defenses. 147 Wash. 2d 751, 764–66, 58 P.3d 276, 282–83 (2002). Federal courts, including the Ninth Circuit, follow the same principle. See *Scottsdale Ins. Co. v. Avol*, 1992 U.S. App. LEXIS 17741, at *13–15 (9th Cir. July 17, 1992)* (reservation not effectively communicated results in estoppel). Nevada law is consistent: silence where a party has a duty to speak constitutes waiver. *Henningsen v. Tonopah & G.R.R.*, 33 Nev. 196, 225–27, 110 P. 701, 710–11 (1910); *Mackintosh v. California Fed. Sav. & Loan Ass'n*, 113 Nev. 393, 407, 935 P.2d 1154, 1162 (1997).

Finally, *Hansen* confirms that an insurer defending under a reservation must clearly communicate that reservation so the insured can evaluate conflicts and select independent counsel. 131 Nev. at 751–52, 357 P.3d at 343–44. Foremost's undisputed failure to do so deprived Mr. DiNofia of the very protections Hansen mandates.

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

In sum, Foremost knew the true facts; acted in a manner intended and reasonably expected to induce reliance; kept Mr. DiNofia ignorant of its actual coverage position; and caused him both actual and presumed prejudice. Under the combined force of Nevada's estoppel test, Ninth Circuit waiver doctrine, and the prejudice standards of *Intel* and *VanPort*, Foremost is estopped and has waived all coverage defenses. For this reason alone, its Motion for Summary Judgment must be denied.

**D. At Minimum, Numerous Material Fact Disputes Preclude Summary Judgment**

Summary judgment is improper where competing inferences or credibility issues exist. See *Tolan v. Cotton*, 572 U.S. 650, 657–60 (2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Here, multiple factual disputes exist, including whether Foremost actually mailed the alleged reservation, whether it was received, whether appointed counsel ever had it, and whether the complaint alleged business activity. Under *Intel*, these factual disputes alone preclude summary judgment. 952 F.2d at 1559.

**E. Foremost's Motion Must Be Denied**

Nevada's duty-to-defend jurisprudence, Ninth Circuit waiver and estoppel law, and the undisputed factual record all lead to the same conclusion: Foremost cannot meet its burden to apply the business-pursuits exclusion, and even if it could, Foremost forfeited any coverage defenses by undertaking the defense without a valid reservation of rights. The insurer's conduct resulted in waiver, estoppel, and prejudice, and the complaint alleges only residential premises liability—squarely within the scope of the duty to defend. For these reasons, Foremost's Motion for Summary Judgment must be denied.

## V. <u>COUNTERMOTION FOR SUMMARY JUDGMENT</u>

Summary judgment in favor of Mr. DiNofia is not only appropriate—it is compelled by the record and by Nevada's governing insurance-coverage doctrines. The undisputed facts eliminate the basis for Foremost's business-pursuits exclusion, trigger Nevada's broad duty to defend as a matter of law and independently establish waiver and estoppel under Nevada and Ninth Circuit precedent. At bottom, once the complaint is read through the lens required by Nevada law,

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

and once the lease and reservation-of-rights defects are properly accounted for, there is no genuine dispute of material fact and judgment must be entered declaring that Foremost owes a defense and may not rely on any exclusion.

**A. The Duty to Defend Is Triggered as a Matter of Law**

Nevada imposes one of the broadest duty-to-defend standards in the country. The Nevada Supreme Court has repeatedly held that an insurer must defend whenever there is *any* "arguable or possible" potential for coverage. *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 120 Nev. 678, 686, 99 P.3d 1153, 1158 (2004). Any doubt must be resolved in favor of the insured. *Id*. Exclusions must be construed narrowly. *Benchmark Ins. Co. v. Sparks*, 127 Nev. 407, 411–12, 254 P.3d 617, 620–21 (2011). The focus is on the complaint's allegations, not on insurer speculation. *Allstate Ins. Co. v. Miller*, 125 Nev. 300, 309, 212 P.3d 318, 324–25 (2009). And coverage is triggered whenever the allegations "alone" raise a potential for coverage. *Century Sur. Co. v. Andrew*, 134 Nev. 819, 822, 432 P.3d 180, 183 (2018).

Here, the underlying complaint alleges only that the decedent resided at the Property and suffered injury because of the condition of the premises. It does not allege that a business operated there, that any commercial services were rendered, that the decedent paid for treatment, or that the Property was used for anything other than residential occupancy. This is the quintessential premises-liability scenario that Nevada holds triggers a duty to defend.

**B. The Lease Eliminates the Only Allegation Foremost Relies On—And Restores Coverage**

Foremost's entire motion depends on a single conclusory sentence in the complaint asserting that the Property was "rented to Journey to Recovery." (**Ex. A**, Complaint - FIC 001-17, at ¶ 46). That allegation is expressly contradicted—and eliminated—by the written lease Foremost received before filing this action. (**Ex. B**, Residential Lease Agreement FIC 0018-25). The lease shows the Property was rented solely to an individual tenant, Michelli Kaltsas, under a standard residential agreement containing an express no-business-use clause. (*Id.*)

Under *Zurich American Insurance Co. v. Ironshore Specialty Insurance Co.*, an insured may present extrinsic facts "to argue that the insurer owes a duty to defend as within an exception

to an exclusion." 137 Nev. 651, 651–52, 497 P.3d 625, 626 (2021). The lease does exactly that: it eliminates the asserted basis for Foremost's exclusion, and it confirms the Property was rented "solely for residential purposes."

That residential rental use is not merely neutral—it is expressly protected under Foremost's own policy. The policy states: "Business does not mean the rental, or holding for rental, solely for residential purposes of any dwelling or other structure described on the Declarations Page." (emphasis added) (**Ex. C** Insurance Policy, FIC 0057). Once the erroneous "rented to Journey to Recovery" allegation is removed through the undisputed lease, nothing remains in the complaint alleging business activity at the Property. The exclusion therefore cannot apply as a matter of law.

### C. Even If Journey to Recovery Had Rented the Property (It Did Not), The Complaint Still Alleges Nothing but Residential Use, Invoking the Policy's Carve-Out

Even apart from Foremost's inability to stretch the business-pursuits exclusion beyond the four corners of the complaint, the allegations of the underlying wrongful-death complaint place this case squarely within the policy's affirmative exception to the definition of "business." Foremost's own motion recognizes that the policy expressly states: *"***Business does not mean the rental, or holding for rental, solely for residential purposes of any dwelling or other structure described on the Declarations Page***."* (emphasis added) (**Ex. C** Insurance Policy, FIC 0057).

The complaint alleges nothing inconsistent with this exception. To the contrary, the allegations confirm that the decedent was injured while residing at a residence, not while receiving commercial services, medical treatment, behavioral-health programming, or any other business activity at the Property. (**Ex. A**, Complaint - FIC 001-17, at ¶ 20). The complaint repeatedly describes 809 W. Adams Avenue as a home, and alleges only that the decedent was *"residing at 809 W. Adams Avenue"* at the time of the incident. (*Id*. at ¶ 19, 20, 45, 46).

Critically, the complaint explicitly identifies all alleged "businesses"—Crossroads of Southern Nevada and Journey to Recovery—at separate locations nowhere near the Property. Crossroads is alleged to be located at 2121 W. Charleston Blvd and licensed as a "Facility for Modified Medical Detoxification" (*Id*. at ¶¶ 13–15). Journey to Recovery is alleged to be located

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

at 2039 E. Lake Mead Blvd and licensed as a "PROGRAM FOR TREATMENT OF PERSONS WHO COMMIT DOMESTIC VIOLENCE." (*Id*. at ¶ 16). Neither is alleged to conduct business on the Property.

The complaint does include a conclusory allegation that Journey to Recovery "operated as a residential facility for groups", but even that allegation is tied to Journey to Recovery's own location at E. Lake Mead Blvd—not to the Property owned by Mr. DiNofia. (*Id*. at ¶ 22) Nothing in the complaint alleges that Journey to Recovery provided any services, operated any facility, conducted any program, or engaged in any business activity at 809 W. Adams Avenue.

Indeed, the theory of liability pled against Mr. DiNofia is based on the absence of any services at the Property. The complaint alleges that Mr. DiNofia "knew or should have known" that Kaltsas and Journey to Recovery "did not have a license to operate a sober living home and/or a home for persons that have abused drugs and alcohol." (*Id*. at ¶ 48). This allegation presumes the Property was not being used for any licensed program, treatment operation, or commercial service—because if it were, those services would require licensure, and more specifically, the complaint alleges the injury occurred due to the lack of commercial services. The gravamen of the underlying negligence theory is thus that the Property was being used only as a residence, not as any type of treatment facility or revenue-generating business.

Moreover, the complaint contains no allegation that:

- the decedent was a "client," "patient," "participant," or "program enrollee" at the Property;
- any entity charged or received payment for services at the Property;
- any drugs, medical care, or behavioral services were provided at the Property;
- the Property was used in furtherance of any business activity; or
- the residence was used for any purpose other than residential occupancy.

Under Nevada's rules governing the duty to defend, these omissions are decisive. The business-pursuits exclusion applies only where the complaint explicitly alleges that the injury arose out of business activity. Courts applying Nevada law repeatedly warn that insurers may not speculate about unstated facts, infer business activity from residential occupancy, or rewrite the complaint to add allegations that do not exist. See, e.g., *Safeco Ins. Co. of Am. v. Salley*, 2021 U.S.

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

Dist. LEXIS 244906, at *9–10 (D. Nev. Dec. 23, 2021); Safeco Ins. Co. of Am. v. Skar*, 2011 U.S. Dist. LEXIS 82548, at *8–10 (D. Nev. July 27, 2011)* (insurer cannot manufacture factual predicates to trigger an exclusion).

By contrast, Nevada law does permit the insured to present extrinsic documents to show a potential for coverage or to negate an exclusion. *Zurich Am. Ins. Co. v. Ironshore Specialty Ins. Co.*, 137 Nev. 651, 651, 497 P.3d 625, 626 (2021). Under *Zurich*, Mr. DiNofia is entitled to rely on the written lease—which Foremost received long ago—to prove that the Property was rented "solely for residential purposes," bringing the claim directly within the policy's explicit exception to the definition of "business."

Once the erroneous allegation that Mr. DiNofia rented the Property to Journey to Recovery is removed—as it must be in light of the lease—nothing in the complaint alleges any business activity whatsoever at the Property. This places the claim exactly within the carve-out that Foremost itself drafted: the rental of a dwelling "solely for residential purposes" is not a "business."

Even if the Court were to assume for argument's sake that Mr. DiNofia rented the Property to Journey to Recovery—which the lease conclusively disproves—the business-pursuits exclusion still could not apply because the complaint does not allege that Journey to Recovery engaged in *any* commercial or therapeutic operations at the Property. The complaint alleges only that, "[u]pon information and belief, Defendant Journey to Recovery operated as a residential facility for groups," and it identifies Journey to Recovery's actual operations as occurring at a different address altogether. (**Ex. A**, Complaint - FIC 001-17, at ¶¶ 16, 22).

A "residential facility for groups," even if assumed to exist at the Property, is by definition nothing more than a form of group housing, not a business enterprise rendering services for profit or operating in a commercial capacity. That alleged use still falls squarely within the policy's carve-out, which states unequivocally that "*Business does not mean the rental, or holding for rental, solely for residential purposes of any dwelling or other structure described on the Declarations Page.*" (**Ex. C**, Certified Copy of Foremost Dwelling Fire Three Policy Landlord policy DA FIC 0057.) The complaint does not allege the provision of paid services, treatment,

programming, staffing, or any activity that would transform residential occupancy into a "business." At most, the complaint alleges that individuals resided together in a home—residential use in its purest form. Thus, even under the complaint's most generous construction, the exclusion remains inapplicable as a matter of law.

Thus, even on the face of the complaint alone—and certainly when read in conjunction with the residential lease under *Zurich*—the business-pursuits exclusion cannot apply because the claim falls squarely within the policy's explicit carve-out providing that "***Business does not mean the rental, or holding for rental, solely for residential purposes of any dwelling or other structure described on the Declarations Page.***" (*Id.*) The complaint alleges nothing more than residential occupancy, and the lease confirms that the Property was rented solely for residential purposes; under the express terms of the policy, such use is not a "business" and cannot trigger the exclusion.

### D. Foremost Waived and Is Estopped from Asserting Coverage Defenses Due To Its Failure to Effectively Communicate Any Reservation of Rights

For the sake of brevity, and to avoid unnecessary repetition, Mr. DiNofia incorporates by reference the arguments set forth in his Opposition to Foremost's Motion for Summary Judgment as though fully stated herein. The record that defeats Foremost's motion compels judgment in Mr. DiNofia's favor as well: Foremost accepted and controlled his defense while never effectively communicating any reservation of rights to him or to the very counsel Foremost appointed. Under Nevada law and binding Ninth Circuit precedent, an insurer that defends without an effective reservation waives its coverage defenses and is estopped from later attempting to assert them. That rule applies with full force here.

From the outset, Foremost issued a written Acceptance Letter instructing appointed defense counsel to "defend this action without cost to you according to your policy's provisions." (**Ex. D**, Acceptance Letter – MD00040-41). Foremost's adjuster then continued—by email and by phone—to assure Mr. DiNofia that Foremost was fully covering the defense. (**Ex. I**, DiNofia Decl. at ¶ 11). During this same period, Foremost never emailed or otherwise transmitted any reservation of rights, despite the fact that all prior communications between Foremost and Mr. DiNofia occurred electronically. The alleged reservation-of-rights letter contains a different claim number

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

than the once contained in the Acceptance Letter, is addressed only to Mr. DiNofia, was never copied to defense counsel, bears no return receipt signed by Dinofia, contradicts Foremost's asserted mailing date, and never appeared in Dinofia's NRCP 16.1 initial disclosures in the underlying case. (*Id*. at ¶ 17, Compare Ex. 4 and Ex. 5; Ex. 7). It surfaced only in a supplemental disclosure nearly a year after the Acceptance Letter—and only after the insured was served with this federal declaratory-relief complaint. (**Ex. I**, DiNofia Decl. at ¶ 17). Foremost produced no emails, letters, claim notes, or communications reflecting that the letter was ever sent, received, or discussed with appointed defense counsel.

Under these circumstances, waiver is not merely possible—it is unavoidable. The Ninth Circuit has held that an insurer who undertakes the defense without clearly communicating a reservation of rights "may be found to have waived its coverage defenses," because the critical issue is not whether the insurer internally intended to reserve rights, but whether it actually communicated that reservation to the insured. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559–60 (9th Cir. 1991). Foremost cannot make that showing here, and the absence of any effective communication defeats its reliance on any exclusion as a matter of law.

Nevada's equitable-estoppel framework leads to the same result. Under *Topaz Mutual Co. v. Marsh*, 108 Nev. 845, 848, 839 P.2d 606, 611 (1992), estoppel applies where the insurer knew the true facts, acted in a manner intended or reasonably expected to induce reliance, the insured was ignorant of the true facts, and the insured relied to his detriment. The Nevada Supreme Court reaffirmed these elements in *In re Harrison Living Trust*, 121 Nev. 217, 223, 112 P.3d 1058, 1062 (2005), and federal courts have applied this doctrine squarely in the defense-and-indemnity context. *Nat'l Fire & Marine Ins. Co. v. Holper*, No. 2:18-cv-1338-JCM-BNW, 2019 U.S. Dist. LEXIS 174251, at *14 (D. Nev. Oct. 8, 2019).

All elements are satisfied.

- Knowledge**:** Foremost alone knew it had issued an unconditional acceptance of coverage, continued to reassure the insured of full defense coverage, and never transmitted or properly disclosed any reservation of rights to either the insured or appointed counsel.

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

- Intent or Conduct Creating Reliance**:** By defending without reservation and by withholding its alleged reservation, Foremost acted in a manner reasonably expected to induce reliance on its acceptance of coverage.
- Ignorance: Mr. DiNofia had no knowledge whatsoever of any reservation until Foremost filed this declaratory action. Defense counsel—who would have had a duty under Nevada law to disclose a reservation—likewise had nothing to disclose because Foremost never sent the letter to counsel.
- Detrimental Reliance**:** As the Ninth Circuit recognized in *Intel*, when an insurer conceals a reservation of rights, the insured loses the opportunity to influence litigation strategy, pursue early settlement, evaluate exposure, or select independent counsel. 952 F.2d at 1559–60. Mr. DiNofia's declaration establishes precisely this prejudice: had he known coverage was disputed, he would have considered early resolution, sought budget estimates, issued or accepted a Rule 68 offer, or exercised his right to independent counsel under *State Farm Mut. Auto. Ins. Co. v. Hansen*, 131 Nev. 743, 751–52, 357 P.3d 338, 343–44 (2015). Those opportunities were irretrievably lost because Foremost concealed its reservation.

This prejudice is not only actual—it is presumed. In *Truck Insurance Exchange v. VanPort Homes*, the Washington Supreme Court held, and numerous Nevada federal courts have found persuasive, that prejudice is presumed when a reservation is untimely or defective because the insured is deprived of the ability to protect his own interests. 147 Wash. 2d 751, 764–66, 58 P.3d 276, 282–83 (2002). Foremost's conduct fits that doctrine exactly.

In short, whether analyzed under *Intel*'s waiver doctrine or Nevada's four-factor estoppel test, the result is the same: Foremost may not now invoke a coverage exclusion it never properly reserved. Its failure to effectively communicate a reservation of rights, combined with its unconditional acceptance and control of the defense, bars all coverage defenses as a matter of law.

## VI. <u>CONCLUSION</u>

Foremost's motion rests on allegations that do not exist, exclusions that do not apply, and a reservation of rights that was never effectively communicated. The underlying complaint alleges

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

only ordinary residential premises liability—precisely the type of claim Nevada courts hold triggers a duty to defend. The lease conclusively establishes that the Property was rented solely for residential purposes, placing the claim squarely within the policy's express carve-out from the definition of "business." And even if Foremost could overcome these defects, it independently forfeited any coverage defenses by accepting and controlling the defense for nearly a year without issuing a timely, clear, or effective reservation of rights to either the insured or appointed counsel. Nevada's broad duty-to-defend standard, coupled with the estoppel and waiver principles recognized in *Intel*, *Hansen*, *Topaz*, *Holper*, and the other authorities cited above, leaves no genuine dispute of material fact. The only legally supportable outcome is that Foremost owed—and continues to owe—a full defense to Mr. DiNofia.

For these reasons, and for those set forth in detail above, Mr. DiNofia respectfully requests that the Court:

1. Deny Foremost's Motion for Summary Judgment in its entirety**;**
2. Grant summary judgment in Mr. DiNofia's favor on his Countermotion;
3. Declare that Foremost owes a current and ongoing duty to defend the underlying state-court action;
4. Hold that Foremost is barred by waiver and estoppel from asserting any coverage exclusion, limitation, or other defense to its duty to defend; and
5. Award Mr. DiNofia his reasonable attorney's fees and costs incurred in this declaratory-relief action as allowed by law.

DATED this 5th day of December, 2025.

**THALGOTT LAW, PLLC**

/s/ *Evan P. Thalgott*__________
EVAN P. THALGOTT, ESQ.
Nevada Bar No. 15658
**THALGOTT LAW**
9205 West Russell Road, Suite 240
Las Vegas, Nevada 89148
*Attorney for Defendant and Counterclaimant Matthew Dinofia*

THALGOTT LAW, PLLC
9205 WEST RUSSELL ROAD, SUITE 240
LAS VEGAS, NEVADA 89148
Telephone: (725) 274-4624

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of THALGOTT LAW, PLLC, and that on December 5, 2025, I caused to be served a true and correct copy of the foregoing by electronic service by filing the foregoing with the Clerk of Court using the CM/ECF system, which will electronically mail the filing to the following individuals at the email addresses set for the below.

Christian L. Moore, Esq.
cmoore@laxaltlaw.com
LAXALT LAW GROUP, LTD.
9790 Gateway Drive, Suite 200
Reno, Nevada 89521

/s/ *Evan P. Thalgott*

Evan P. Thalgott, Esq.